IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-182-FL

| | | |
|---|---|---|
| MEKA WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| POSTMASTER GENERAL DAVID P. | ) | ORDER |
| STEINER, CONNIE S. MOSES, ANGELA | ) | |
| BEST, COURTNEY MARTINEZ, | ) | |
| ZIMEKIA WHITLEY, and RASHIEKA | ) | |
| RHODES, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that some of plaintiff's claims be dismissed (DE 5). Plaintiff timely filed objections to the M&R (DE 6).

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject,

---

[1] The court amends the caption to reflect the succession of public officials. Fed. R. Civ. P. 25(d).

1

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge recommends dismissal of plaintiffs' claims under the Rehabilitation Act, 29 U.S.C. § 701 et seq., and all claims presented against individuals, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's objections are not persuasive. The magistrate judge correctly determined that plaintiff failed to allege any facts suggesting any acts were taken against her solely due to disability as required, and also correctly determined that individuals cannot be liable under any statute governing any of plaintiff's claims. See Lissau v. S. Food Servs., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998) (Title VII); Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 510–11 (4th Cir. 1994) (ADEA); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (Rehabilitation Act).

The court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's claims under the Rehabilitation Act and against defendants Moses, Best, Martinez, Whitley, and Rhodes are DISMISSED, as set forth in the M&R and for the reasons given above, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against Postmaster General David P. Steiner remain for adjudication. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the court DIRECTS that service of plaintiff's summons and complaint be made by a United States Marshal or Deputy Marshal.

SO ORDERED, this the 4th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge